■ FRED H. CROKEN, Appellant, v COUNTY OF NASSAU, Respondent. — In a proceeding by a former employee of the respondent to recover salary allegedly owed to him, petitioner appeals from a judgment of the Supreme Court, Nassau County (Derounian, J.), entered June 10, 1981, which dismissed the proceeding. Judgment reversed, on the law, with $50 costs and disbursements, the

proceeding is converted into an action to recover unpaid salary allegedly owed to the appellant (see CPLR 103) and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith. Appellant alleges that in December, 1973 he was injured on his job while employed in respondent's Department of Public Works. It is further alleged that he never returned to work after his injury and that he remained on respondent's payroll until November 28, 1974. The appellant claims that he should have remained on the payroll until January 16, 1975 and the WHEREFORE clause demands judgment against the respondent for the salary allegedly owed from November 28, 1974 through January 16, 1975. Special Term characterized the instant matter as a CPLR article 78 proceeding in which appellant seeks a judgment directing that the effective date of his retirement be changed from November 28, 1974 to January 16, 1975. Special Term dismissed the proceeding on the ground that it was barred by the expiration of the four-month Statute of Limitations period (CPLR 217) and because the New York State Employees' Retirement System, which has responsibility for making determinations with respect to retirement matters, was not named as a party. We hold that Special Term mischaracterized the nature and the purpose of the instant matter. While it appears that appellant intends to apply for an adjustment in his retirement benefits, he has been advised by the Employees' Retirement System that he must receive payment from respondent before he can receive a review of said benefits. Therefore, appellant seeks a money judgment against respondent for salary allegedly due. Complete relief can be accorded as between the parties as named, and the Employees' Retirement System is not a necessary party (see CPLR 1001). Furthermore, because the substance of appellant's claim and the relief sought are contractual in nature, the six-year Statute of Limitations period (CPLR 213) is applicable (cf. *Sears, Roebuck & Co. v Enco Assoc.,* 43 NY2d 389). Accordingly, a reversal is required. Mollen, P. J., Lazer, Mangano and Niehoff, JJ., concur.